Robert V. **BRANNUM,** Appellant

v.

William **LAKE,** Brig. Gen., U.S. Air Force, et al., Appellees.

No. 04–5130, 04–5131.

United States Court of Appeals, District of Columbia Circuit.

Sept. 26, 2005.

Robert Vinson Brannum, Washington, DC, pro se.

R. Craig Lawrence, Michael Joseph Ryan, Jane M. Lyons, Assistant U.S. Attorneys, Kenneth L. Wainstein, U.S. Attorney, Laurie Weinstein, U.S. Attorney's Office, Washington, DC, for Appellees.

Before SENTELLE, RANDOLPH and ROGERS, Circuit Judges.

## JUDGMENT

consolidated with 04–5131

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. For the reasons presented in the accompanying memorandum opinion, it is

ORDERED AND ADJUDGED that the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

In the initial appeal in this case, *Brannum v. Lake*, 311 F.3d 1127 (D.C.Cir. 2002), this court granted appellee's motion for summary affirmance with regard to the dismissal for lack of jurisdiction over all except appellant Brannum's equitable claims that the military had unlawfully recalled him for disciplinary punishment. *Id.* at 1129. Although the district court had noted in its statement of facts that Brannum was properly recalled to active duty pursuant to Article 2 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 802(d), this court remanded because "we do not consider the language to constitute a finding as to the recall's propriety, especially in light of the court's dismissal of the entire case for lack of subject matter jurisdiction [under the *Feres* doctrine]." *Brannum*, 311 F.3d at 1131 n. 1.

On remand, the district court again concluded that the judgment for defendant-appellees should be entered and dismissed the case with prejudice. *Brannum v. Lake*, No. 00–1461(RCL), slip op. at 1 (D.D.C. March 31, 2004). The district court ruled expressly that Brannum was properly recalled to active duty for non-judicial punishment pursuant to 10 U.S.C. §. 802(d) because neither his acquisition of a "DD 214" certification discharging him from active duty nor his physical departure from Holloman Air Force Base resulted in a discharge from all service in the Air Force Reserve, and thus he was subject to such recall. *Id.* at 6–8. In so

ruling, the district court rejected the "categories" argument in Brannum's pro se motion for summary judgment, in which Brannum relied on a case relevant only if he had been discharged from a regular duty component (see *id.* at 6; plaintiff's motion for summary judgment at 4 (citing *Murphy v. Dalton*, 81 F.3d 343 (3d Cir. 1996)); plaintiff's amended motion for summary judgment at 8 (same)).

We affirm the judgment of the district court for the reasons stated in its memorandum opinion. To the extent the district court did not address a "categories" argument raised by amicus on appeal, based on Brannum's status as an Individual Mobilization Augmentee Reservist ("IMA"), who may be assigned to augment only active duty units and not reserve units, we find no basis for reversal. Amicus argues that the term "reserve component" in section 802(d)(1) is not clearly defined in Title 10 or the UCMJ and Rules of Court Martial. Br. of Amicus at 17. Further, while the term is defined in 10 U.S.C. § 10101, nothing in the UCMJ adopts or cross references section 10101's list. Given inclusion of subdivisions and subunits in section 10101, amicus concludes that "courts must determine on a case-by-case basis whether a particular unit is a 'reserve component' for purposes of section 802(d)(1)," Br. of Amicus at 18, and that if Article 2(d) were read to include IMAs in the definition of "reserve component," then Brannum would be considered a member of a component to which he cannot be assigned. *Id.* at 20. Alternatively, amicus argues the district court erred by failing to afford Brannum an opportunity to establish that he had been discharged to civilian status. *Id.* at 22, 25 (referencing Form "DD 214" and proffered testimony that superiors had initially approved Brannum's departure).

■ While amicus acknowledges that the IMA argument was not developed in

the district court, see Br. of Amicus at 17 n. 7, we may treat the issue as not waived given the extended course of these *pro se* proceedings. This court noted in the initial appeal that Brannum had argued in his district court pleadings that an IMA does not fall within the scope of section 802(d)'s "reserve component," *Brannum*, 311 F.3d at 1129 (referencing Brannum's pro se motion for a temporary restraining order and his request for reconsideration); appellees arguably were on notice in light of Brannum's September 2, 2002 motion challenging the section 802(d) order and the reference to a "categories" claim in Brannum's pro se motion for summary judgment; also, the issue has been fully briefed on appeal by both sides. *Cf. Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C.Cir.2002).

■ However, the IMA argument fails on the merits. Even if an individual IMA could not have been assigned to "augment" another reserve component under the military's current regulations, this administrative choice does not alter the IMA's status as a reservist, and thus a member of a "reserve component" under section 802(d). Appellees argue persuasively that the IMA argument is contrary to the broad jurisdictional grant by Congress over reservists: Congress has stated its intent in adding Article 2(d) of the UCMJ to expand jurisdiction over all reservists and did not exclude IMAs; thus, unless otherwise indicated, the definition of "reserve component" in 10 U.S.C. § 10101 applies throughout the U.S.Code. *Cf. United States v. Phillips*, 56 M.J. 843, 847 (A.F.Ct.Crim.App.2002), *aff'd* 58 M.J. 217 (C.A.A.F.2003); *Morgan v. Mahoney*, 1999 CCA LEXIS 173, *8 (A.F.C.C.A. 1999).

■ Brannum was never discharged from all service in the Air Force Reserve, and thus the Air Force had authority to order him back to active duty under sec-

tion 802(d). His proffered evidence, on its face, does not suffice to show such discharge. Brannum acknowledges that he was a member of the Air Force Reserve, Br. of Appellant at 9; he never claims he could unilaterally terminate his status in the Air Force Reserves, Br. of Appellee at 26; and his proffers (Form "DD 214" and superior's initial approval of leave) fail to show he was discharged from all military service, *id.* at 22–26.